So, today our first case on agenda number one is number 130866, People of the State of Illinois v. Antonio Cousins, Jr. Council to the panelist, are you prepared to proceed? Good morning, your honors, counsel. Lauren Bowser from the State Appellate Defender's Office on behalf of Antonio Cousins. The issue in this case is what is the proper remedy under the Pretrial Fairness Act when a reviewing court finds that there is insufficient evidence presented at a detention hearing and one of the statutory elements of detention? Counsel, as a preliminary matter, what standard of review should we apply here and why? So, the question of whether there was sufficient evidence presented, we would argue this court can review de novo. Proceedings mostly proceeded by proffer. There was a probation officer that came in to correct some errors in the pretrial report that was submitted by the state. It was not sworn, so I believe it would be, under this court's recent decision, purely proffer-based. This is a de novo standard. Thank you. Because all defendants enjoy a presumption of pretrial release, this court should find that when any one of the three elements of detention the state fails to present evidence and meet its burden, the only remedy that is consistent with the language and the purpose of the act is a remand for a hearing on conditions of relief. In this brief, the state doesn't seem to dispute that that should be the proper remedy when it fails to meet its burden. The remedy in that case should be a hearing for conditions on pretrial release. The only dispute in this case is whether it was denied the opportunity to meet its burden by procedural irregularities at the detention hearing. However, as I will discuss, the court here conducted a full hearing where the state and Mr. Cousins were both given every opportunity to present evidence and argument on behalf of their respective detention petitions. Could I say a question about the hearing itself? So my understanding is that the defendant was charged with two different cases, and before the implementation, the effective date of the Pretrial Fairness Act, he had had a hearing and bond was set of $150,000, and he did not post that. And so after the act came into effect, he filed a pro se motion for pretrial release under the new act, right? I don't understand his position as being pro se. What happened here? Why didn't he have a lawyer? He did have a lawyer. He chose to proceed pro se. I'm sorry, what? He chose to proceed pro se. He did have a lawyer, and at one of the earlier court dates, he was admonished and chose to represent himself on the cases. I raise that question because just from looking at the hearing, it was unusual. There's no doubt about it. It was unusual. But it seemed as if the court was engaging with the defendant rather than how we basic picture the state having the burden. It seems that much of this had to do with the manner of how this arose was the colloquy between the court and the defendant who was representing himself. Would you say that's fair? I do think that this was a pro se defendant. I don't think that this was anything unusual about this hearing. This was a court date where the court had several pretrial motions in front of it, went methodically through all of the defendant's pro se motions, and when it got to his motion that he filed to reconsider pretrial release, there was a lengthy discussion between him acting as his counsel and the court. But I would point out that a large percentage of the time that was spent discussing that motion was him attempting to correct the errors on the pretrial report and being required to call in a witness and have this hearing go into a second date because there were errors on the report that the state submitted. So I don't think that renders it unusual. That was just what was required to take place here to correct the pretrial report. And I would just point out that there was a back and forth between the state and the defendant and Mr. Cousins. There's no reason to think here that the state was denied an opportunity to present evidence and make arguments on a motion on which it is the moving party. If we look at the record in this case, I would highlight two portions that really rebut the state's argument that anything about this hearing denied it the opportunity to meet its burden. At the conclusion of the initial day of the detention hearing, this is on R75 of the record, the prosecutor stood up and said, Your Honor, I just would really quickly like to make a record about the discovery motion we were discussing earlier. There was an exchange between the court and the prosecutor. He made his record. He explained why he wanted to stand up and make that record. And so there's nothing suggesting here that this prosecutor didn't feel like he could stand up and remind the court, I have a motion pending, which I have a burden of proof that I would like to make a record on that motion. He did not feel he could not speak up, that this judge wouldn't entertain him making a record of facts he thought was more important. Then on the second date of the hearing, toward the conclusion of the hearing, this is on R92 and 93 of the record, the court noted to Mr. Cousins, I'm going to be ruling on your motion shortly. Are there any other motions outstanding? And again, at that time, the prosecutor said, Well, I have a motion pending for DNA testing, and discussed that motion. But at no time did he remind the court that, by the way, I also have a responsive motion to the petition, to the defendant's motion, petition on which I have the burden, and no point to be asked to make a proffer on any of those elements. And, you know, obviously, we know from the previous court date that he had no problem with this judge. He didn't feel that this was a hostile environment. He could have absolutely spoken up at that time and said, I have a motion on which I have the burden of proof, and I would like to make a proffer. There's nothing that suggests the court would deny that. Counsel, I'd like to focus a little bit on the appellate court's decision. What specifically did the appellate court hold? The appellate court held that the court abused its discretion in detaining Mr. Cousins. It found that the state never made any factual proffer on the facts of the charges, and that it never made any argument or proffer on any of the elements of detention. So it found that because the element of conditions, whether it was alternative conditions, was never discussed at all at the hearing, that the court abused its discretion in detaining. So when the appellate court stated, while the evidence may have been sufficient to warrant detention, reversal was required because procedural irregularities at the hearing and the circuit court's failure to adequately explain the reasons for its orders made it impossible to determine whether the circuit court had made the required findings. What does that mean? So there were two issues raised here. One was whether the state met its burden, and second was whether the—that would be under 110.6.1e. There was a second question about whether the state made the written findings that it's required to do under subsection H. So the court actually found both errors, but instead of saying, you know, if the state doesn't meet its burden, we don't have to get into the trial court's findings. And again, this court interviewed that question to know. So is your position the appellate court held that the state did not meet its burden? It didn't say those magic words, but I think by finding that no evidence was presented on the— no problem was made at all about the facts of the crime, nothing other than to list the names of the offenses, list a criminal history, and submit a pretrial report, but it didn't say we fooled that the state did not meet its burden. Finding that no evidence was presented at this hearing on those questions, that's effectively what it's finding. So I think that under those circumstances, the only proper remedy should be to find that the state didn't meet its burden. And how is this case impacted by Michaelitis? So I think that obviously this court can look at things that don't just come from the profit, but I would point out that the state has not argued here that there's anything in this record that this court can find that met its statutory burden. It's not arguing on appeal this court should actually affirm the circuit court's finding that detention was warranted. It's asking this court to affirm the finding that further proceedings are necessary, so it has the opportunity to present evidence that may be out there that it just didn't present at this hearing. Should the appellate court have remanded for clarification or to give the trial court an opportunity to explain the basis for its finding? I think that if the court is looking at, if this court is reviewing whether the state met its burden, again, in Jenova, the only, I mean, this is a separate, the question of whether the state met its burden is a separate question from the findings. And I think that the failure to meet a burden is, this trumps any error about the court's current findings, because as this court held, you can look at those, here in Jenova. And so here, the court did have the benefit of a risk assessment tool, right? It did. And that was utilized? It did. And so is that something that the court could have relied upon in making its decision? Yeah, certainly, certainly. But I would point out that, again, the appellate court didn't find that that was sufficient evidence. The state's not arguing it's sufficient evidence. And a risk assessment tool is just one factor that can be considered. No one factor can be dispositive on detention questions. And we don't even have clear and convincing evidence about that Mr. Cousin's committed these offenses, because the state never even did a proffer on the factual allegations. We have no idea what the factual allegations are. We don't know that the charges against him are reliable, but the strength of the state's evidence is. So given that there's no factual proffer ball on the charges, I would point out that it's difficult to even argue that they've met the first element of his evidence. So like I said, what we have here is really just a question of, more a question of, you know, the state's complete failure to meet its burden, not merely a question of insufficient findings. And again, the state does argue that it should get another shot, because there could be more evidence out there that it didn't present. But it was incumbent on the state as the movement to present that at the detention hearing. And I think the state's argument that it raised for the first time in this appeal, that the reason they didn't do so is because this was a nontraditional hearing, is rebutted by the record. The state argued in the appellate court that it had a full and fair opportunity to present evidence, but that both parties did. And it didn't make any objection in the trial court to how the detention hearing was proceeding. So I think, you know, it's the reason it's an argument now that that was never raised below, and it never objected to how the proceedings went at all. So because the state was not prevented in any way from presenting evidence in support of the petition on which it had a burden, it's not entitled under these circumstances to some specialty remedy that would afford a second bite at the apple and cause a piecemeal litigation in this case, where it had a full and fair opportunity to present its case in the first detention hearing. There's nothing in the statute that contemplates a second detention hearing under these circumstances. So this court should affirm the appellate court's finding that the state did not present sufficient evidence at the detention hearing or reverse its remand for a second hearing where the state can have an opportunity to supply that same evidence. Unless Your Honor's got any questions, I'll reserve my time for rebuttal. Thank you very much. Counsel for the appellate. Good morning, Your Honor. Excuse me. May it please the court, I'm Assistant Attorney General Eric Levin. On behalf of the people of the state of Illinois, I think it would be helpful at the outset for me to sort of take a step back and unpack what the issues here are and aren't. Because it's sort of shifted through the course of the litigation. The petition for leave to appeal presented the argument... Again, Mr. Levin, I'm going to ask you as a preliminary matter, do you agree that the proper standard of review here is de novo? Yes. And let me explain why, because I think it's important. As I said, there are a couple of different issues floating around here. I think the standard of review for each of them would be de novo. But as I said, I think we've sort of lost sight of what the actual issue is here. The PLA argued or presented the issue of, is it appropriate to remand for a second detention hearing if the appellate court finds that the evidence was insufficient to satisfy the state's burden of proof? That is a legal question. That's a question of law about what the statute allows, and that's review de novo. We think that's not a contested issue here. We all agree. We agree that if the appellate court had found that the evidence was insufficient, the state did not prove by clear and convincing evidence that detention was warranted, we agree that it would not be proper to send it back for a second hearing. The question here, though, is, is that what the appellate court held? That, again, is something that's reviewed de novo. This court recently, People v. Webster, explained that when this court is sort of interpreting what the appellate court did, it assesses that de novo. It doesn't know any deference. It just sort of looks at the appellate court's decision to determine what did the appellate court actually hold. You're not asking for a second bite of the apple. No, we're asking for a first bite of the apple. We're asking for a procedurally proper hearing. As Justice Tice, as you point out, I think you used the term unusual. The appellate court called it nontraditional. I mean, to be frank, these are both understatements. This was in no sense, in no sense of the word, was this the type of hearing that the Pretrial Fairness Act contemplates, neither for the people nor for the defendants. So, counsel, whose fault was that? Wasn't the state present at the hearing? The state, absolutely, Your Honor. And what did the state do at that hearing? Weren't they present? Well, I think what happened here is this was sort of a perfect storm of events. We have here a defendant. The case had been pending for two-plus years at this point. The defendant had already been detained on a bomb that he didn't meet. At some point he elected to proceed pro se. That's not my question. The state was present. Did the state have an opportunity to present evidence to this judge on which the judge could make a determination about whether or not the state was meeting its burden? That's a yes or no question. I think the answer is no. And why not? I don't think you could say that the state had a meaningful opportunity here because Why not? The state didn't have a meaningful opportunity. What do you mean by that? Well, if you look at the record, Your Honor, you'll see that the hearing sort of, the hearing on these motions commenced at the end of, you know, earlier hearings on other unrelated motions. The court immediately jumped into a colloquy with the pro se defendant. The state itself, I mean, you can count the lines on two hands, I think, of how many words the state actually got in on the issue. The court on a few occasions Counsel, isn't that the lawyer's job when they're in the courtroom to argue, make their argument to the judge? I don't see anything in the record where the judge prohibited the state from doing that. Well, I It sounds like you're suggesting that the state did not have an opportunity to present its argument. Is that what you're saying? Your Honor, I don't think either side had a meaningful opportunity to present the argument. The defendant either. And if the court here had So is it your position that the state did not have an opportunity to present its argument? Is that what you're saying? A meaningful opportunity. Could What does that mean? Well, could the prosecutor have been more aggressive and made that record? Yes. So let's be really, tell me what the, just give me a couple of examples of what the prosecutor actually presented to the court. What did he present? Okay, well, I think this is important here because my opponent points, you know, makes the argument that, well, we haven't argued that the evidence was sufficient. I think the evidence here was clearly sufficient to establish dangerousness. We're not arguing that because that's not what the issue that was presented was. The question here is But I'm asking you a different question. My question is, give me two examples of a presentation by the state to the judge with respect to this motion. Just two things or one thing. Well, I can talk about What does the state say? Well, there was evidence presented. I mean, unfortunately, because of the way the hearing was conducted, the state didn't, wasn't able to, you know, affirmably make its case. But we have the pre-trial services report, which lists prior convictions for residential burglary, two prior convictions for unlawful possession of a weapon by a felon. These charges in particular So the state was expecting that the judge would read those documents and the state didn't have to say anything. Is that your position? Well, I think, again, I don't want to cast aspersions on anybody involved in these proceedings because I think it was a perfect storm of events. We were only five months into a new system, which this court has explained, comprehensively overhauled the pre-trial detention regime. We have a pro se defendant, which, as the appellate court recognized, sort of muddied the waters a little bit. I think the way this would normally work in most cases, in the overwhelming majority of cases, this hearing is essentially the first hearing the court has. And I think the way it normally works and should work is the court allows each side, the state and the defendant, to present evidence, whether by proffer or live testimony. Each side can make an argument. This hearing just got off the rails at the beginning. Counselor, you're still not answering my question. I just want you to say yes or no. Did the state have an opportunity to present some evidence? The answer is no. No, I do not think the state had a meaningful opportunity. As I say, I don't think that this was a hearing, in any meaningful sense of the word, was this the type of hearing that the Pre-Trial Fairness Act contemplates. And to say that because the state wasn't more aggressive in getting the hearing back on track, that the remedy is automatic release without regard to whether or not the evidence does show that this defendant presents a danger to the community or flight risk, I don't think that adequately balances the competing interests. Now, we recognize absolutely defendants have a strong liberty interest in pretrial release, but that is, the statute does balance that with the public's interest in ensuring that potentially dangerous or flight-prone defendants are not released. And we want these decisions to be made on the basis of the evidence that's presented at a proper hearing. We don't want to sort of have gotchas where a defendant is detained or released based on procedural irregularities. What evidence was presented with respect to the crime the defendant allegedly committed? Unfortunately, very little. There was none really. We have a little bit of evidence in the record that comes out through discussions of some of the other motions. But you don't deny that it's the state's burden to present that evidence. And you did file a petition. Yes. It is, yes, absolutely it's the state's burden, but we're just asking for a hearing where we're able to make that case. And here the judge just unfortunately... But are you saying that, I mean, at the beginning of the hearing, the state listed the charges. Yes. They also listed the potential sentences, sentencing range for that. Wouldn't that have been the time that they would have provided a factual summary? I think that would have been the time for the court to say, state what's your proffer, what's your evidence. Unfortunately, that's not what happened here. If you look at the transcript, I think it starts on R66 of the record. It essentially goes immediately into a colloquy between the defendant and the judge. There's a few instances where the judge asks the prosecutor a question about what are the charges, what's the sentencing range. But the majority of the hearing was taken up with just determining this issue of were there three failures to appear or one. And that's why I say I don't even think the defendant had a meaningful opportunity to make his case here. Counsel, is this a change from your position, the state's position at the appellate court? In your memorandum, in the state's memorandum, did you indicate that the court conducted a full hearing and both the state and the defendant were given the opportunity to present evidence and argument? Wasn't that your position at the appellate court? Yes, Your Honor. That was the position that the state took in the appellate court. I would point out, however, though, that in the appellate court, there were two issues that the defendant presented. One was this issue of was the evidence sufficient? The second argument was essentially did the trial court adequately address and explain its findings or adequately address the elements? We defended the detention order here on both grounds. Obviously here the appellate court disagreed with us that the detention order could stand, but it didn't rule, it didn't say that it can't stand because the evidence isn't sufficient. It held that it can't stand because of the nontraditional manner in which the hearing was held. We just don't know if the trial court considered what it was supposed to and made the findings that it was supposed to. Are you arguing in your brief to this court that sufficient evidence was presented? Is that your argument? Well, we haven't argued that in the brief because we don't think that's an issue, but I do think there was sufficient evidence. And that's what the appellate court itself said. The evidence may have been sufficient, but we, meaning the appellate court, can't supply that missing conclusion. That's something the trial court has to do in the first instance, and that's why it sent it back. We do think, I mean, if you look at the PSR, as I was mentioning, we not only have the prior criminal history, but we get these charges, this aggravated discharge of a firearm, two unlawful possession counts, and an armed habitual criminal count. Those were alleged to have been committed while the defendant was on pretrial release from another pending unlawful possession charge. I think from that alone a court could find. So in spite of your failure to argue that sufficient evidence was presented to this court in your brief, now that's what you're arguing, right? Yes, absolutely. I think the evidence was sufficient. The reason we haven't argued that is because the issue that was brought to this court in the PLA is what is the appropriate remedy when a court finds that the evidence was insufficient. We agree, I think both sides agree, that the answer to that legal question is it's not proper in those circumstances to send it back for a second hearing. But our argument is that that's not what the appellate court here held. The appellate court didn't say that we find the evidence is insufficient. It said, and I'll agree, that it's not, the appellate court's position is not a model of clarity. I wish it had been a little more direct in what it was holding. But it did say quite clearly the evidence may have been sufficient to find that detention was warranted, but we can't supply that missing conclusion. It noted that the, you know, it used the term that this was a quote-unquote non-traditional hearing. That's not a term that we've made up. That's what the appellate court was saying. And I think what it was getting at there was just that, you know, the hearing was not procedurally proper, and we can't, you know, affirm or reverse the ultimate merits until the trial court has a proper hearing and makes its findings. And that's what we were. We talked some about what's the obligation of the state in this hearing, this non-traditional hearing. What was the obligation of the state? We didn't really talk about the judge. What is the ‑‑ pretty clearly the judge did not follow the procedures set out in the statute. Do we agree with that? Yes, absolutely. So if the judge is the one who is not following the statute, what do we do then? Well, I think we do what the appellate court did, which is we send it back and we say do a proper hearing. And I think Justice Holder-White, you asked about Michaelitis, and I do think that's relevant here. You know, Michaelitis did say that, you know, the judge is not bound in a straitjacket when it's doing these hearings. It has leeway in terms of how it's going to conduct the hearing. But there has to be some sort of minimum level of procedural propriety before we can be confident that whatever decision is made, whether it's detention or release, has been made on the basis of, you know, the actual evidence that's in both the defendant's interests and the public's interests. And so we're just asking for this to be sent back for another hearing. I would note that I don't know that it will have much effect in this case as a practical matter. It's my understanding that trial is set for late April, so the case could become moot. It's not moot yet. I don't know that the trial will go ahead. But I do think it's important as a – or I should say that the sort of overarching issue of, in circumstances like this, is automatic release appropriate? I think it would be important for the court to say that no. I mean, we're not going to just, you know, say – we're not going to have like sort of a gotcha system where the hearing didn't go as it should have gone, and so that was the State's only opportunity. And, you know, we're just going to release the defendant without regard to whether or not the evidence shows a danger or a flight risk. I think we want to have those determinations made on the basis of the actual evidence. And so you're saying that if a reviewing court were to find that there was insufficient evidence to support the trial court's decision, that the only remedy then is a remand for release and potential conditions. Yes. But if there is a procedural error in the hearing, that then the remedy is a remand for a new hearing on detention? Is that what you're saying? Yes, absolutely. If the trial court here had held that, you know, I find that the defendant is a danger to the community based on the evidence, I deny pre-trial release. And on appeal, the appellate court said, you know, it reviewed that de novo. Let's say that under Morgan it was all documentary evidence. So the appellate court reviewed it de novo and said, we disagree. We do not think there was clear and convincing evidence establishing that. Then, yes, at that point the case goes back for the judge to impose conditions of release. But if on appeal the appellate court said, well, you know what, the trial court didn't allow, you know, made this procedural error or that procedural error, didn't allow a party to present evidence, I don't think the remedy is automatic release. Again, part of the problem here would be you send it back to the trial court and say impose conditions of release, it might very well be the case that the trial court will find that there are no adequate conditions of release that would mitigate the threats that it found. We don't know that. And so I think, you know, the general rule is that remedies should be tailored to the injury suffered. And where the injury here was a procedurally improper hearing, an appropriately tailored remedy is a new hearing, not automatic release. But the state in its initial plea, in its filing, did not submit anything in writing regarding, you know, conditions of release. So by not even putting that in its petition for detention, isn't that problematic in and of itself? I mean, why now should they be allowed to go back and correct, you know, that error that has nothing to do with whether or not the judge took over the proceedings? That would have been submitted prior to the judge even beginning the proceedings. Correct. And, Your Honor, I absolutely agree that it would be better practice to have a more detailed petition, but I don't think the Pretrial Families Act itself requires that that information be in the petition. It allows the parties to present these evidence either by proffer or live testimony at the hearing itself. And so, yes, it would have absolutely been better practice for the state to include that. But again, I think here we are dealing with the system that we were just, you know, several months into this new hearing that comprehensively overhauled the system. And, you know, a lot of the actors involved here were sort of working out how exactly these hearings are supposed to go. And I don't think that there's such an extreme remedy of just automatic release is what's appropriate. And, Counsel, are you arguing before this court that the state was prevented from presenting evidence? No, Your Honor. No, I would not say prevented. I think it's obvious from the record that the state, the judge didn't cut the state off and say, no, I'm not going to allow you to present evidence. I just don't think that based on a fair reading of the record that we can say that the state had a meaningful opportunity either side. I don't think the defendant did either. The defendant was never asked to make a proffer. A few times, actually, when the defendant started talking about the facts of the case, the trial court cut him off and said, don't talk about the facts of the case. So it really just was not a meaningful hearing in any sense of the word. And so on that date, on that ground, Your Honor, if there are no further questions, we would ask that you affirm the appellate court's decision, which remanded this case for a new pretrial detention hearing. Thank you. Counsel McClatchy. Just to briefly address the notion that this was a procedural, there were procedural problems with this hearing and that it was a nontraditional hearing. I mean, this court held in Metholitus that there is no statutory language mandating how a detention hearing must go and what the state must present to meet its burden. I'm not quite sure where the language, where the state is coming up with the idea that it has to proceed a certain way. It's a moving party. It has a burden. It does not cut off or prevent it from presenting evidence. So to say that, you know, when there's no statutory requirements, no statutory language explaining how the proceeding should go, I mean, anytime the state's unhappy with the result, which by the time, the first time before this court, never complained about how the hearing was carried out, either in the trial court or in the appellate court, it can point to something and say, oh, that's not traditional. But the statute doesn't outline how these hearings are supposed to go. And again, there were two motions pending here. So the fact that, you know, it didn't proceed in the way it would if it was just the state's petition to detain from a new charge doesn't render that a procedural problem. The defendant had a motion pending that they discussed, and the state responded with a petition to detain. So when it came time for them to move to that motion, the state could have simply stood up and met its burden and presented evidence. So I think that there's nothing in the act itself that suggests that there's a certain way these hearings are supposed to go. And the state says, you know, automatic release is an extreme remedy in this case, but there's no automatic release. There's a presumption of release that after a hearing, the state didn't overcome. So because, you know, we had a full hearing on this question, it's not a question of automatic release. It's just enforcing the presumption of release that is written into the Pretrial Fairness Act that the state did not put its burden to overcome. Unless your honors have any questions, I would ask this court to affirm the finding by the appellate court that the state did not present evidence on several of its relevance and remand for a hearing on the appropriate conditions of pretrial release. Thank you very much. This is Agenda Number 1, Number 130866, People of the State of Illinois v. Antonio Cousins, Jr. This case will be taken under your advisement. Thank you both for your arguments.